**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIHAD BAASIT,<br><br>       Plaintiff,<br><br>      v.<br><br>RUTGERS HEALTH AND BEHAVIORAL, et al.,<br><br>       Defendants. | Civil Action No. 23-12384 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Plaintiff Jihad Baasit's ("Plaintiff") *in forma pauperis* application (ECF No. 1-1) and civil complaint (ECF No. 1). Having reviewed the application, and having found that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the complaint and dismiss the complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim.

**I.  BACKGROUND**

  Plaintiff is a state prisoner confined in New Jersey State Prison. (ECF No. 1 at 6.) On May 18, 2020, Plaintiff tested positive for COVID-19 and was placed in a quarantine unit for fourteen days without further treatment. (*Id.* at 6.) Over two years later, on August 8, 2022, Plaintiff again tested positive for COVID-19 and was again quarantined. (*Id.*) Plaintiff thereafter complained about "COVID-19 symptoms," which he does not define or clarify other than to assert his belief

that COVID-19 is potentially life threatening, which went untreated by unspecified nurses and medical staff. (*Id.*) Plaintiff now seeks to raise deliberate indifference claims against the New Jersey State Prison, the prison's healthcare provider, the New Jersey Department of Corrections, two medical staff members, and the prison's administrators who he believes were "put on notice" of his situation, despite providing no context for that assertion. It is not clear what actions Plaintiff believes should have been taken in response to his symptoms, as Plaintiff himself admits "there is currently no cure for" COVID-19. (*Id.*)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it

2

provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. **DISCUSSION**

In his complaint, Plaintiff seeks to raise deliberate indifference claims against numerous defendants based on his having contracted COVID-19. Initially, the Court notes that Plaintiff names as Defendants both the New Jersey Department of Corrections and New Jersey State Prison. State corrections departments and the prisons they operate, however, are not persons subject to suit under § 1983, and are in any event entitled to Eleventh Amendment immunity from suit as arms of the state. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291 (3d Cir. 2013); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). Plaintiff's claims against New Jersey State Prison and the New Jersey Department of Corrections are therefore dismissed with prejudice.

Turning to the remaining Defendants, Plaintiff seeks to raise claims for deliberate indifference to medical needs. In order to plead a medical claim under the Eighth Amendment, a

prisoner must plead facts which would show that the named defendants were deliberately indifferent to his medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that a plaintiff plead facts which indicate both that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. County of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983.

That a prisoner contracts COVID-19 or suffers from symptoms from the virus is not a per se constitutional violation absent clear indicia of deliberate indifference. *See, e.g., Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330-31 (3d Cir. 2020). Although Plaintiff pleads that he tested positive for the virus and was quarantined as a result, he does not clearly plead what symptoms he had, what treatment was needed, or what, if any, actions were taken on his behalf. As Plaintiff does not specifically plead that he informed any of the named Defendants of his symptoms, or that they otherwise knew of and disregarded his symptoms, Plaintiff has clearly failed to state a plausible claim for relief. That Plaintiff believes Defendants should have been on notice is not enough. Plaintiff must plead facts which actually indicate that Defendants knew of his needs and

disregarded them. Additionally, the Court notes that in the absence of details as to Plaintiff's symptoms, it is not clear that Plaintiff was at an "excessive risk" to his health or safety. Some suffer serious symptoms from COVID-19 infections. For others, however, COVID-19 symptoms are relatively mild and may not even be functionally treatable. Without some context regarding Plaintiff's alleged symptoms, this Court cannot find that they were sufficiently serious that they could be said to be an excessive risk to Plaintiff in the absence of treatment sufficient to support a claim for relief. *Natale*, 318 F.3d at 582. Plaintiff's claims against the remaining Defendants are therefore dismissed without prejudice at this time for failure to state a claim upon which relief may be granted.[1]

---

[1] Although the Court need not reach the issue at this time as Plaintiff has failed to plead a plausible claim for relief, the Court notes that Plaintiff has named both supervisors, such as the prison administrators, and medical contractors as Defendants in this matter. To plead a claim against a supervisor or contractor, a plaintiff must generally plead facts which would show that the alleged constitutional violation was a result of policies, practices, or customs put into place by the supervisor or contractor. *See, e.g., Los Angeles County v. Humphries*, 562 U.S. 29, 35-36 (2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Natale*, 318 F.3d at 583-84. As Plaintiff has identified no policy or practice which was the moving force behind the alleged violations and has otherwise failed to set forth a valid basis for supervisory liability, his claims against these Defendants are also deficient as they fail to show that the supervisor or contractor defendants were personally involved in the alleged violations. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, Plaintiff's claims against the Department of Corrections and New Jersey State Prison are **DISMISSED WITH PREJUDICE**, and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE