**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIHAD BAASIT,<br><br>Plaintiff,<br><br>v.<br><br>RUTGERS HEALTH AND BEHAVIORAL,<br>*et al.*,<br><br>Defendants. | Civil Action No. 23-12384 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Jihad Baasit's amended complaint. (ECF No. 5.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, the Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the complaint and dismiss the complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety for failure to state a claim.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner housed in New Jersey State Prison. (ECF No. 5 at 13.) On May 18, 2020, he tested positive for COVID-19 and was transferred to a quarantine unit in the prison referred to as "7-wing." Plaintiff describes 7-wing as a "condemned" unit "utilized for isolation purposes to quarantine" those who test positive for or were exposed to COVID-19 during the pandemic. (*Id.* at 13-14.) Plaintiff does not elaborate on why the unit was "condemned" beyond conclusory allegations that the unit was "unsanitary." *Id.*

Plaintiff was not given any medication for his COVID-19 infection. He apparently made unspecified complaints, but recovered in any event. (*Id.* at 14.) Two years later, on August 8, 2022, Plaintiff again tested positive for COVID-19, and was again transferred to 7-wing under the order of Defendant Dr. Nwachukwu to quarantine for fourteen days. (*Id.* at 14.) Although Plaintiff was seen by nurses during this period and complained to them, he alleges that he did not receive further medical care. (*Id.* at 14-15.) Plaintiff does not specify what symptoms he believed required further treatment. (*Id.* at 15.) Plaintiff filed administrative complaints and was told his complaints would be referred to medical staff, but did not receive further treatment. (*Id.*) Plaintiff finally alleges that, to this day, he still has "random headaches; body weakness; and breathing problems" he had not previously suffered prior to contracting COVID-19. (*Id.*).

## II.     LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A

complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his amended complaint, Plaintiff seeks to raise deliberate indifference claims against numerous defendants based on his having contracted COVID-19 and not receiving unspecified treatment while quarantined. In order to plead a medical claim under the Eighth Amendment, a prisoner must plead facts which would show that the named defendants were deliberately indifferent to his medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that a plaintiff plead facts which indicate that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently

3

serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. County of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983.

That a prisoner contracts COVID-19 or suffers from symptoms from the virus is not a per se constitutional violation absent allegations of deliberate indifference. *See, e.g.*, *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330-31 (3d Cir. 2020). In this matter, Plaintiff pleads only that he twice contracted the virus, was placed in quarantine, and although he saw nursing staff and complained of unspecified symptoms to them, was not given medication or other unspecified treatment. Given the lack of allegations as to what Plaintiff's symptoms were, it is not clear what treatment Plaintiff believes was necessary, or how the failure to provide unspecified treatment for unspecified symptoms amounts to deliberate indifference to Plaintiff's medical needs. Indeed, Plaintiff recovered from COVID-19 in both instances in which he contracted it, and Plaintiff fails to plead any facts regarding what symptoms he had during the infections. Plaintiff has thus failed to plead facts showing that Plaintiff's COVID-19 infections amounted to an excessive risk to his health or safety or that the failure to provide further treatment amounted to deliberate indifference to such a risk. Plaintiff's complaint therefore fails to state a claim for deliberate indifference to

4

medical need as to any of the named Defendants, and must be dismissed without prejudice as such. *Natale*, 318 F.3d at 582.

The Court additionally notes that Plaintiff's amended complaint also fails to allege sufficient facts to indicate that the named Defendants were personally involved in the alleged failure to provide medical treatment. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be held liable and cannot be held liable solely on a *respondeat superior* basis arising out of his supervisor status. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222. To plead a claim against a medical contractor such as Rutgers, a plaintiff must generally plead facts which would show that the alleged constitutional violation was a result of policies, practices, or customs put into place by the contractor. *See, e.g., Los Angeles County v. Humphries*, 562 U.S. 29, 35-36 (2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Natale*, 318 F.3d at 583-84.

Plaintiff's amended complaint does not provide adequate allegations that any of the named Defendants were personally involved in the alleged wrongs. Plaintiff names as Defendants Rutgers and its various entities that provide medical services to the prison, Dr. Nwachukwu, the prison's head doctor, two head nurses, and various high-level prison and DOC administrators. (ECF No. 5 at 1.) Plaintiff pleads no specific facts as to the personal involvement of any of these Defendants other than conclusory allegations and an allegation that Dr. Nwachukwu approved his placement in quarantine. Plaintiff does not allege that he personally mentioned his symptoms to

any of the named Defendants. Plaintiff only alleges that after his quarantine stay, he filed various administrative grievances to which some Defendants responded, referring his complaints to medical staff. Plaintiff pleads no facts showing that he specifically told his symptoms to any of the named Defendants, that those Defendants should have known further treatment was required, or that the named Defendants then failed to act. Plaintiff has likewise failed to allege that the alleged failure to treat his unspecified symptoms, rather than the mere placement in quarantine, was the result of any policy, practice, or custom put into effect by any of the named Defendants or that any named Defendant was personally involved in the alleged failure to provide him further treatment. Plaintiff's amended complaint thus fails to state a plausible claim for relief for this reason as well, and must therefore be dismissed without prejudice.

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE